**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DAVID SANCHEZ,

          Plaintiff,

          v.

SERGEANT A. BROWN, SR., et al.,

          Defendants.

Civil Action No. 25-14461 (MAS) (JTQ)

**OPINION**

**SHIPP, District Judge**

    This matter comes before the Court on Plaintiff David Sanchez's civil complaint (ECF No. 1) and application to proceed *in forma pauperis*. (ECF No. 1-1.) Having reviewed the application, the Court finds that *in forma pauperis* status is warranted in this matter, and Plaintiff's application is therefore granted. Because the application shall be granted, the Court is required to screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim that is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

**I.    BACKGROUND**

    Plaintiff is a state pre-trial detainee currently detained in the Hudson County Correctional Center. (ECF No. 1 at 2-3.) Plaintiff arrived at the jail on July 21, 2025. (ECF No. 1-1 at 2.) For reasons not clearly stated in the complaint, Plaintiff was placed in "medical isolation" upon arrival. (ECF No. 1 at 6.) On July 29, however, he was "cleared medically" to leave isolation. (*Id.*) The

following day, after a court appearance, he spoke with the jail's chief psychiatrist, who recommended that Plaintiff be placed in a "drug program tier" based on what Plaintiff describes as a serious "self-injurious behavior history." (*Id.*) Plaintiff does not provide any detail as to that history. (*Id.*) The doctor called a Sergeant Estrada in Plaintiff's presence and told the sergeant that Plaintiff could either be moved to such a tier that day, or could remain in medical housing for the time being. (*Id.*) Plaintiff was thereafter taken back to medical housing until later that night, when he was moved to a general population unit on the orders of Defendants Brown and Daniels, who work in the jail's classification department. (*Id.*) Plaintiff apparently protested, but was told that the classification department, rather than the medical department, makes placement decisions once a prisoner is cleared to leave the medical unit. (*Id.*) The two officers who moved Plaintiff, who are not the named Defendants, told Plaintiff that they "don't care" if Plaintiff hurts himself. (*Id.*)

## II.     LEGAL STANDARD

Because Plaintiff shall be granted *in forma pauperis* status, the Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, the Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips*

2

*v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III. DISCUSSION

In his complaint, Plaintiff seeks to raise federal civil rights claims against two members of the classification committee of the jail in which he is detained for placing him in a general population unit rather than a "drug program tier" unit after he was cleared to leave medical isolation. Although pretrial detainees may not be subjected to punishment without a supporting conviction and may not be placed in restrictive housing without certain procedural protections, they do not generally have a protected liberty interest in being placed in a specific, non-restrictive

3

housing unit. *See Stevenson v. Carroll*, 495 F.3d 62, 68-70 (3d Cir. 2007); *see also Brandt v. Cirillo*, No. 22-3752, 2023 WL 157431, at *6 (D.N.J. Jan. 10, 2023) (pretrial detainees do "not have a protected liberty interest in [a specific] security classification or housing preference"). Thus, that Plaintiff was placed in the general population, rather than a drug program unit, in and of itself does not violate Plaintiff's rights and fails to state a plausible claim for relief.

The complaint appears to imply, however, that Plaintiff's placement in the general population amounts to an infringement of his psychiatric needs based on an unspecified history of self-harm. A jail official may be held liable under the Fourteenth Amendment where he is deliberately indifferent to an inmate's serious medical or psychiatric needs. *See Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003). This requires both that the plaintiff show that he had a sufficiently serious medical need, and that the defendant engaged in actions or omissions which indicate that the defendant knew of and disregarded "an excessive risk to inmate health or safety." *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). A medical need is sufficiently serious where it "has been diagnosed as requiring treatment or [is a need that] is so obvious that a lay person would easily recognize the necessity of a doctor's attention." *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987), *cert denied*, 486 U.S. 1006 (1988).

In his complaint, Plaintiff suggests that he may have had a significant psychiatric issue that caused him to engage in self-harm in the past. Plaintiff provides no details regarding this history, nor does he allege that self-harm was the reason he was placed in medical isolation. Likewise, although Plaintiff alleges that the jail's psychiatrist suggested that he be placed in a drug program tier, Plaintiff fails to allege any details as to how or why this placement suggestion in any way

serves any medical need related to Plaintiff's alleged history of hurting himself.[1]  Thus, while Plaintiff suggests he may have psychiatric needs that were recognized by a psychiatric professional, he does not provide any factual allegations as to how placement in a specific unit is required by or serves those needs.  From the complaint's allegations, it is at best unclear that even had Defendants knowingly placed Plaintiff outside a specific unit, that such a placement would amount to indifference or would ignore Plaintiff's psychiatric needs.

Moving beyond the seriousness of Plaintiff's psychiatric needs, Plaintiff's complaint also fails to allege facts which permit the inference that the two named Defendants knew of and disregarded any psychiatric need.  Plaintiff alleges that the psychiatrist told Sergeant Estrada, who is not a named Defendant, that the psychiatrist recommended placement in a drug tier unit.  Plaintiff, however, alleges no facts to suggest that this recommendation was ever communicated to either Defendant named in the complaint.  Likewise, although Plaintiff suggests that the two unnamed officers who transported him to general population made snide remarks, Plaintiff does not allege facts clearly demonstrating that these remarks by third parties could be imputed to the two named Defendants who were not present at the time.  Plaintiff has thus failed to adequately allege facts that would permit an inference that Defendants knew of and disregarded a serious psychiatric need.[2]  Plaintiff's complaint therefore fails to state a plausible claim for relief and must be dismissed without prejudice as such.

---

[1] The Court presumes that the drug program unit had greater inmate surveillance, but Plaintiff does not plead this.

[2] Plaintiff's claim would fare no better if interpreted as a failure to protect claim, which would also require that he allege facts that would permit the inference that Defendants knew of and disregarded a serious risk to his safety.  *See Proctor v. James*, 811 F. App'x 125, 128 (3d Cir. 2020) (quoting *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012)).  Plaintiff has not alleged sufficient facts to suggest the two named Defendants actually knew of any danger he may have posed to himself and disregarded that risk.

5

## IV. CONCLUSION

For the reasons expressed above, Plaintiff's application to proceed *in forma pauperis* (ECF No. 1-1) is **GRANTED**; and Plaintiff's complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted. An order consistent with this Opinion will be entered.

                                                 **MICHAEL A. SHIPP**
                                                 **UNITED STATES DISTRICT JUDGE**

**Dated:** October 7th, 2025